**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DENISE J. HEIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-401 JMB |
| | ) | |
| CHRIS MCBEE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on state-court prisoner Denise Hein's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Because the petition appears to be time-barred, the Court will order Petitioner to show cause why the petition should not be summarily denied and dismissed.

**Background**

Based on an independent review on Case.net, Missouri's online case management system, Petitioner was convicted of second-degree murder and armed criminal action following a bench trial in St. Louis County, Missouri in 2016.  *State v. Hein*, No. 14SL-CR06042-01 (21st Jud. Cir., 2014).  On January 24, 2017, Petitioner was sentenced to life imprisonment on the murder count and a concurrent ten years on the armed criminal action count.  Petitioner appealed and the Missouri Court of Appeals affirmed the judgment on August 14, 2018.  *State v. Hein*, 553 S.W.3d 893 (Mo. Ct. App. 2018).  Petitioner did not file a motion to transfer to the Missouri Supreme Court.

On November 6, 2018, Petitioner signed her *pro se* motion to vacate, set aside or correct sentence pursuant to Missouri Supreme Court Rule 29.15.  *Hein v. State*, No. 18SL-CC04376 (45th

Jud. Cir., 2018).   The motion was denied on February 13, 2020.   Petitioner appealed and the

Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on March 9, 2021.

*Hein v. State*, No. ED108835 (Mo. Ct. App. 2020). The Court of Appeals issued its mandate

denying the motion on April 7, 2021.

### The § 2254 Petition

Petitioner is currently incarcerated at the Chillicothe Correctional Center in Chillicothe,

Missouri.[1]  She filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,

challenging her 2016 conviction for murder and armed criminal action.[2]  ECF No. 1.  Petitioner

makes multiple arguments of alleged ineffective assistance of counsel and seeks relief based on an

alleged denial of due process.   *Id.* at 4-12.   On the section form of the petition regarding

'Timeliness of Petition,' Petitioner states:

> Petitioner was diagnosed with metastatic breast cancer in February 2021.  She has
> had over 5 surgeries, undergone high dose chemotherapy, and been on COVID
> protocol quarantine's intermittently for over a total of 3 months.  She has been ill,
> and has had little access to her legal paperwork that is stored in Property Dept. at
> DOC.  Also, due to severe COVID restrictions, very limited access to the legal law
> library.

*Id.* at 15.  The petition states that it was placed in the prison mailing system on March 22, 2022.

*Id.* at 16.

---

[1] Although Petitioner is incarcerated in Chillicothe which is located in the Western District of Missouri, this Court
has jurisdiction over this matter because Petitioner was convicted and sentenced in Saint Louis County which is
within this judicial district.  *See* 28 U.S.C. § 2241(d) (discussing concurrent jurisdiction where an application for a
writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State
which contains two or more Federal judicial districts); 28 U.S.C. § 105(a)(1) (listing Saint Louis as within the
judicial district of the Eastern District of Missouri Court).

[2] Petitioner states on her § 2254 petition that she is challenging case number "18SL-CC04376" – her state case
number for her motion to vacate, set aside or correct sentence pursuant to Missouri Supreme Court Rule 29.15.  *See*
ECF No. 1 at 1.  However, based on the arguments in the petition and other information provided, she is clearly
challenging her underlying trial court conviction for murder and armed criminal action: Missouri case number
"14SL-CR06042-01."

**Legal Standards**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments.  *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007).  This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C. § 2244(d)(1).  *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001).  Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final, to file his federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires.  *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  For Missouri prisoners who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen days after the Missouri Court of Appeals affirms a conviction on direct appeal.  *See Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. Sup. Ct. R. 83.02 (stating that a party seeking transfer to the Missouri Supreme Court must file an application for such transfer "within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

However, the AEDPA's statute of limitations tolls while state post-conviction proceedings are pending.  *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); *see also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  State post-conviction relief proceedings are

"pending" for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it but are not "pending" for the period between the end of direct review and the date of post-conviction application filing. *Maghee*, 410 F.3d at 475 (citing *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000); *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)). Additionally, under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely).

**Discussion**

It appears that the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed out of time. As such, the Court will order Petitioner to show cause as to why the petition should not be denied and dismissed as time-barred.

Here, Petitioner's direct appeal was affirmed by the Missouri Court of Appeals in a judgment issued on August 14, 2018. Petitioner did not file a motion to transfer. Thus, her time for seeking direct review in the Missouri Supreme Court expired on August 29, 2018, fifteen days after the judgment was affirmed. However, Petitioner did not file her motion for post-conviction relief until November 6, 2018. As explained above, Petitioner's post-conviction proceedings were not "pending" between August 29 and November 6, 2018, so this 69-day period counts towards Petitioner's one-year statute of limitations under the AEDPA. On April 7, 2021, when the post-conviction mandate was issued, Petitioner's post-conviction proceedings became final and the AEDPA period began running again. Because 69 days of the one-year period had already run, Petitioner needed to file her § 2254 petition within 296 days from the April 7, 2021, mandate, or by January 28, 2022.

- 4 -

"[A] *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008).  In this case, Petitioner states on her petition that she delivered it to prison authorities for mailing on March 22, 2022.  ECF No. 1 at 16.  As such, it appears that the petition was filed almost two months late.

Furthermore, Petitioner seems to be asserting arguments for equitable tolling here, when she alleges that her petition is late for reasons related to the COVID-19 global pandemic, health issues, and limited access to the law library.  Equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).  The one-year limitations period set forth in the AEDPA may be equitably tolled if a petitioner demonstrates: (1) she has been diligently pursuing her rights; and (2) an extraordinary circumstance stood in her way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013).  The Court notes that according to the Eighth Circuit, an unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" is not sufficient to warrant equitable tolling.  *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *see also Muhammad*, 735 F.3d at 815 (finding no extraordinary circumstances justifying equitable tolling where movant argued that he was detained in a separate housing unit for five months where he did not have access to the law library or his personal, legal materials).  Petitioner must establish that she was pursuing her rights diligently and that some extraordinary circumstance prevented her from timely filing her petition.

Therefore, the Court will direct Petitioner to show cause as to why her § 2254 petition should not be dismissed as time-barred.  Petitioner will be given thirty (30) days from the date of

this order in which to submit a written response.  Failure to respond will result in the dismissal of this case without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner shall show cause, in writing and no later than **thirty (30) days** from the date of this Order, why the instant § 2254 petition should not be denied and dismissed as time-barred.

**IT IS FURTHER ORDERED** that if Petitioner fails to comply with this Order, her § 2254 petition will be dismissed without further proceedings.

Dated this 26th day of April, 2022.

/s/John M. Bodenhausen
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE