UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE J. HEIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22 CV 401 JMB |
| | ) | |
| CHRIS MCBEE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Denise Hein's ("Petitioner") response to the Court's order to show cause why her habeas corpus petition should not be dismissed as untimely. (ECF No. 3)  Having reviewed the pleadings of Petitioner and Respondent, and for the reasons discussed below, the Court finds that the one-year statute of limitations is subject to equitable tolling and, consequently, Petitioner's habeas petition is not time-barred.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.  See 28 U.S.C. § 636(c).

## I.    BACKGROUND

Petitioner, who is proceeding pro se, is currently incarcerated at Chillicothe Correctional Center, following a 2016 conviction for murder and armed criminal action.  Petitioner submitted the instant petition on March 22, 2022, by placing it in her institution's mailing system.[1]  (ECF No. 1 at 16)  The petition is handwritten on a Court-provided 28 U.S.C. § 2254 petition for writ of

---

[1] Under the prison mailbox rule, "a pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court."  Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) abrogated on other grounds by Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008).

habeas corpus form, and asserts multiple grounds for relief, including ineffective assistance of counsel and denial of due process.  In the timeliness section of the form petition, Petitioner explains that she was diagnosed with metastatic breast cancer in February 2021; she has had five surgeries and undergone high dose chemotherapy; and she has been on COVID protocol quarantine intermittingly for three months.  (Id. at 15)  Petitioner further explains that she has had limited access to her legal paperwork and very limited access to the law library due to COVID restrictions. (Id.)

Upon receipt, the Court reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Based on that review, the Court determined that Petitioner's 28 U.S.C. § 2254 petition was untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year limitations period ended on January 28, 2022, and she did not file her petition until March 22, 2022.[2]  (ECF No. 3 at 4)

Before dismissing her petition as time-barred, the Court provided Petitioner with notice and opportunity to respond.  See Day v. McDonough, 547 U.S. 198, 210 (2006).  On April 26, 2022, the Court directed Petitioner to show cause within thirty days why her petition should not be dismissed as untimely, and directed her to address the issue of equitable tolling.

---

[2] Petitioner's direct appeal was affirmed by the Missouri Court of Appeals in a judgment issued on August 14, 2018.  Petitioner did not file a motion to transfer, so her time for seeking direct review in the Missouri Supreme Court expired on August 29, 2018, fifteen days after the judgment was affirmed.  Petitioner did not file her motion for State post-conviction relief until November 6, 2018.  Petitioner's post-conviction proceedings were not pending between August 29 and November 6, 2018, so this 69-day period counts towards Petitioner's one-year statute of limitations under the AEDPA.  On April 7, 2021, when the post-conviction mandate issued, Petitioner's post-conviction proceeding became final and the AEDPA period began running again.  Because 69 days of the one-year period had already run, Petitioner needed to file her § 2254 petition within 296 days from the April 7, 2021, mandate, or by January 28, 2022.  The parties have not disputed the Court's determination of one-year limitations period in this case.

Petitioner filed her response support on May 25, 2022.  (ECF No. 4)  Petitioner's response does not dispute that her petition was filed out of time, or the Court's calculation of her one-year limitation period, but she asserts that her untimeliness should be excused "due to extraordinary circumstances."  (Id. at 1)  In support, Petitioner argues that COVID-19 quarantine protocols, medical treatment and surgeries for metastatic breast cancer, and admission to a Transitional Care Unit ("TCU") justified the untimely filing of her petition.  (Id.)  Plaintiff supported her response, in part, with medical records regarding cancer detection and treatment procedures and related events occurring between January 21, 2021, and December 16, 2021.  (Id. at Attachment A-H)

In response (ECF No. 12), Respondent argues that Petitioner failed to show that it was impossible for her to timely file her petition.  Respondent also addresses the merits of Plaintiff's grounds for relief.

## II.    DISCUSSION

Having received and reviewed Petitioner's and Respondent's responses to the Court's show cause order, and for the reasons discussed below, the Court finds that Petitioner has established that she was pursuing her rights diligently and that extraordinary circumstances prevented her from timely filing her petition.

Under the AEDPA, Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments.  Finch v. Miller, 491 F.3d 424, 426 (8th Cir. 2007).  This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C. § 2244(d)(1).  Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).  Relevant here is the provision stating that a habeas petitioner has one year from the date her judgment becomes final to file a federal petition for writ of habeas corpus.  See 28 U.S.C. § 2244(d)(1)(A).

As previously determined by the Court, Petitioner's § 2254 petition was due within 296 days of the April 7, 2021, mandate, that is, by January 28, 2022. (ECF No. 3 at 4)  In her show cause response, Petitioner proffers various reasons why the Court should not dismiss her Petition as time barred.  Petitioner does not challenge the Court's calculation of the date on which her judgment became final, the date on which her limitations period expired, or the date on which she filed her federal habeas action.  Instead, Petitioner asserts various reasons to excuse her delay.  In this case, Petitioner delivered her petition to prison authorities for mailing on March 22, 2022, making the filing of the petition untimely by fifty-three days.

To excuse her untimeliness, Petitioner offered evidence of a series of events relating to medical testing and treatment occurring throughout 2021 and into 2022, primarily for metastatic breast cancer and related complications.  Although she does not identify with precision the specific number of days she believes should be excluded under equitable tolling, her response offers records and references to numerous events concerning her treatment.  Petitioner's representations and records focus on the identification and treatment of her metastatic breast cancer, and encompass diagnostic testing and treatment, regular and high-dose chemotherapy treatment, blood transfusions, at least two surgeries (a bilateral total mastectomy and a coronary catheterization procedure), and treatment for post-operative complications.  Her treatment involved numerous visits to a cancer treatment facility outside of the institution.  She further represents that she was confined to the TCU following treatment for more than 30 days total.  Petitioner also argues that she lost access to the law library or other legal resources due to COVID protocols.

Respondent does not dispute Plaintiff's records, the treatment she was receiving, or that Petitioner faced an extraordinary medical circumstance.  Rather, Respondent argues that Petitioner was not diligent because she could have been working during some of the time she was in the

TCU.

Equitable tolling provides otherwise time-barred petitioners with "an exceedingly narrow window of relief." Jihad, 267 F.3d at 805.  Generally, a litigant seeking equitable tolling must establish two elements:  (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstances prevented her from timely filing.  Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006).   "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Earl v. Fabian, 556 F.3d 717, 722 (8th Cir. 2009). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Runyan v. Burt, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted) (explaining that equitable tolling is inapplicable where a petitioner has encountered "the kinds of obstacles face by many if not most habeas petitioners"). As such, equitable tolling is an exceedingly narrow window of relief." Id. (internal quotation marks omitted).  The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. Pace v. DiGuglielmo, 540 U.S. 408, 418 (2005).  Here, Petitioner has met that burden.

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." Burks v. Kelley, 881 F.3d 663, 666 (8th Cir. 2018). With regard to the second prong, there must be extraordinary circumstances that is beyond the prisoner's control and which rises above "a garden variety claim of excusable neglect." Martin v. Fayram, 849 F.3d 691, 698 (8th Cir. 2017).  This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).  Furthermore, the extraordinary circumstance must be external to the petitioner and not attributable to her actions. Johnson v. Hobbs, 678 F.3d 607, 611 (8th Cir. 2012).

Having reviewed the petition and the underlying state court action, the Court finds that excusing at least fifty-three days due to equitable tolling is warranted in this case due to the extraordinary circumstances involving Petitioner's serious medical condition and related medical treatment and procedures, which prevented her from pursuing her legal rights during the limitations period. See Jones v. United States, 689 F.3d 621, 627 (6th Cir. 2012) (holding equitable tolling applied where inmate who experienced numerous transfers and serious medical conditions "missed the one-year deadline by less than three months."). The Court finds that Petitioner has met her burden by demonstrating that she pursued her rights with the sufficient diligence to justify equitable tolling and then by referencing extraordinary circumstances beyond her control, such as diagnostic testing necessary to identify her serious medical condition, chemotherapy treatments, very serious surgical procedures, treatment for complications, and necessary TCU confinement following treatment. Additionally, she has shown she also required medical care for a serious heart-related condition.

In summary, liberally construing her response, Petitioner has presented meaningful arguments and records that demonstrate she faced serious obstacles that were not routine or the type of challenge faced by most or even many petitioners. Respondent's arguments to the contrary are too narrow in this particular case – they suggest that, when not out for treatment, Petitioner should have been working on her Petition. Although Petitioner does not allege specifically how many days she required to recuperate after her surgeries or other procedures, Respondent does not dispute that she underwent two serious surgeries and numerous chemotherapy treatments. Simply because she was not in treatment on a given day does not mean she was well enough to work on her petition. Thus, undersigned finds that, any reasonable reading of the available record in this case leads to a conclusion that equitable tolling excuses Petitioner's tardy filing. The Court finds

that the one-year statute of limitations should be tolled for at least fifty-three days, which is less than the time covering Petitioner's diagnostic testing, confinement to the TCU, surgical procedures, and treatment at Goldschmidt Cancer Center.  In making this conclusion, the Court is not finding that difficulties or hardships due to standard COVID-19 protocols and limited library access should be counted in the equitable tolling analysis.[3]

For the foregoing reasons, the Court finds that equitable tolling applies and instant Petition is timely.  Accordingly,

**IT IS HEREBY ORDERED** that, if Petitioner chooses to file a reply to Respondent's Response to the petition, the reply must be filed no later than **April 7, 2023**.  If Petitioner fails to timely file a reply, the right to file such a reply must be waived.  See Rule 5(e) of the Rules Governing § 2254 Cases in the United States District Courts.

/s/ John M. Bodenhausen
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of February, 2023.

---

[3] As to these arguments, Petitioner has not demonstrated the type of extraordinary circumstances that would warrant equitable tolling.  The Eighth Circuit has repeatedly held that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling.  See, e.g., Johnson v. Hobbs, 678 F.3d 607, 611 (8th Cir. 2012); Shoemate v. Norris, 390 F.3d 595, 597-98 (8th Cir. 2004) (no tolling due to petitioner's pro se status, lack of legal knowledge or legal services); Baker v. Norris, 321 F.3d 769 (8th Cir. 2003) (no tolling due to limited law library access).  Likewise, the Court is not finding that difficulties or hardships due to standard COVID-19 protocols does not automatically warrant equitable tolling for any movant who seeks it on that basis.  See, e.g., U.S. v. Henry, 2020 WL 7332657, at * 3-4 (W.D. Pa. Dec. 14, 2020) (holding '[t]he bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis").  See also Donald v. Pruitt, 853 F.App'x 230, at *6-7 (10th Cir. 2021) (recognizing '[t]he district court correctly concluded that Donald hasn't shown that he was pursing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place").