UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE J. HEIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:22 CV 401 JMB |
| | ) |
| CHRIS MCBEE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Denise J. Hein's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Petition is **DENIED**.

**I.     Procedural Background**

Petitioner is held by the Missouri Department of Corrections pursuant to the judgment and sentence of the St. Louis County Circuit Court. In October, 2016, after a bench trial, she was convicted of murder in the second degree and armed criminal action and sentenced to a total term of life imprisonment (Doc. 12-2, pp. 60, 66). On August 14, 2018, the Missouri Court of Appeals affirmed her conviction and sentence (Doc. 12-5). Petitioner's motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15 was denied by the trial court on February 13, 2020 (without a hearing) (Doc. 12-8); and on March 9, 2021, that decision was affirmed on appeal to the Missouri Court of Appeals (Doc. 12-12).

Petitioner filed her § 2254 petition in this Court on April 4, 2022 (Doc. 1). Upon initial review, the Court determined that the petition was untimely and directed Petitioner to show cause

why the petition should not be dismissed (Doc. 3). After receiving a response (Doc. 4), it was determined that equitable tolling excused the tardy filing (Doc. 18). Petitioner was invited to file a reply in support of her petition but did not do so by the April 7, 2023 deadline.

Petitioner asserts four grounds for relief that essentially argue ineffective assistance of counsel with respect to communication, failure to call witnesses, failure to inform her of her right to a jury trial, and in sentencing. Respondent filed a response in opposition (Doc. 12)

II. **Factual Background**

In light of the grounds for relief raised by Petitioner, it is unnecessary to recount in full detail the factual history of this matter. In sum, Petitioner was convicted of killing her brother-in-law after their relationship became contentious (Doc. 12-5, pp. 1-2). During trial, various evidence was introduced including a letter found of Petitioner's computer purportedly written by the victim and outlining the deterioration of their relationship, and the testimony of two psychiatrists called by the defense.

III. **Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), allows for habeas relief in Federal court only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need

not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Brown, 544 U.S. at 141; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410–11).

When reviewing whether a state court decision involves an "unreasonable determination of the facts," state court findings of "basic, primary, or historical facts" are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); 28 U.S.C. § 2254(e)(1). Erroneous findings of fact by the state courts do not ensure the grant of habeas relief. Rather, the determination of these facts must be unreasonable in light of the evidence of record. Id.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 688 (1984). With respect to the first Strickland prong, there is a strong presumption that counsel's conduct falls within the wide range

of professionally reasonable assistance.  Id. at 689.  Thus, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and the "burden to show that counsel's performance was deficient rests squarely on the defendant."  Burt v. Titlow, 571 U.S. 12, 22–23 (2013) (quotation marks and citation omitted).  Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Strickland, 466 U.S. at 689; see also Abernathy v. Hobbs, 748 F.3d 813, 816 (8th Cir. 2014) (reviewing court must refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions.")  (citation omitted)).

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome."  Paulson v. Newton Corr. Facility, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted).  Although Strickland requires a showing of both deficient performance and prejudice, a "finding that no prejudice exists is sufficient to conclude that counsel was not constitutionally ineffective — [courts] need not first make a determination regarding deficiency."  Holder v. United States, 721 F.3d 979, 987 (8th Cir. 2013).

"Taken together, AEDPA and Strickland establish a 'doubly deferential standard' of review."  Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Cullen v. Pinholster, 563 U.S. 170, 202 (2011)).

> First, under Strickland, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial,

> focusing on whether it is "reasonably likely" that the result would have been different absent the errors. Strickland, 466 U.S. at 696. . . . To satisfy Strickland, the likelihood of a different result must be "substantial, not just conceivable." Id. Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the Strickland standard is unreasonable, not merely whether it is incorrect. [Harrington v. Richter, 562 U.S. 86, 112, 101], 131 S. Ct. 770, 792, 785 (2011). This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at [102].

Williams, 695 F.3d at 831–32. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105. Furthermore, a state court's findings of fact made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct. Odem v. Hopkins, 382 F.3d 846, 849 (8th Cir. 2004).

**IV.   Discussion**

Petitioner asserts that her trial counsel was ineffective in a number of ways. She states that they failed to appropriately communicate with her, failed to inform her of or allow her to exercise her rights, failed to call particular witnesses, and failed to correct errors in a sentencing report. In particular, she states that two of her attorneys, N. Scott Rosenbloom and John Rogers, never spoke to her about her case, and that a third attorney, Brianne Besheer, ignored her questions and the information that she relayed. She also states that they refused to allow her to testify or demand a jury trial or to call an unethical treating doctor who "hypnotized [her] to cause this horrific tragedy" (Doc. 1, p. 8). She further states that they failed to call various character witnesses and did not correct her employment status on the sentencing report, that may have led to a lighter sentence. In response, Respondent argues that Petitioner either procedurally defaulted her claims or that the state courts properly considered and rejected the claims on the merits.

On direct appeal, Petitioner raised one claim, that the trial court erred in admitting a letter purportedly written by the victim to Petitioner (Doc. 12-5, p. 4). The Missouri Court of Appeals found that the letter was improperly admitted but that it was not prejudicial and therefore did not require reversal of the conviction (Doc. 12-5, p. 8).

In her Missouri Supreme Court Rule 29.15 motion, Petitioner raised some of the claims raised before this court: that trial counsel was ineffective for failing to advise her of her jury trial rights (specifically as to sentencing), for failing to challenge the inaccurate sentencing report (as to employment), and for failing to call character witnesses during sentencing (who would testify as to Petitioner's character prior to 2011, which is 3 years prior to the incident) (Doc. 12-12, p. 4). In addressing these grounds, the Missouri Court of Appeals identified and applied the correct standard outlined in Strickland and as set forth above (Doc. 12-12, p. 5). The Court further found that based on the record, Petitioner was not entitled to an evidentiary hearing on her claims. Finally, the Court found that immediately after sentencing, Petitioner engaged in a colloquy with the trial court and indicated that she had enough time to discuss the charges with her attorney, that they answered her questions, that they did what she asked them to do, that they explained her rights, and that she has no complaints against them (Id. 7-8).

As to each particular ground, the court found that counsel was not ineffective for failing to call two witnesses, who would have testified on sentencing as to Petitioner's caring nature prior to 2011 (Id. 5-9). That court found that the decision to not call the witnesses was an exercise of reasonable trial strategy; counsel's defense strategy was focused on Petitioner's mental state just prior to the incident, in 2013 and 2014, and not on her character prior to 2011, and was consistent with the trial theory that Petitioner had mental health issues that prevented her from forming the intent to commit first degree murder (Id. 9). The court went on to find that Petitioner did not

overcome the presumption that trial counsel's representation was reasonable, effective, and competent.  See Dorsey v. Vandergriff, 30 F.4th 752, 757 (8th Cir. 2022) (stating that a petitioner must demonstrate that counsel's conduct amounted to incompetence).

The Court further found that counsel was not ineffective for failing to advise Petitioner of her option of a jury sentencing.[1]  First the Court found that there was no constitutional right to a jury at sentencing (Id. 10).  State v. Collins, 290 S.W.3d 736, 744 (Mo. App. Ct. 2009) (stating that there is no constitutional right to sentencing by a jury but that there is a statutory right, citing Mo. Rev. Stat. § 557.0363).  Next, the Court found that Petitioner made a knowing and voluntary waiver of her right to a jury trial and jury sentencing (Id. 10-11).  See State v. Baxter, 204 S.W.3d 650, 653 (Mo. 2006).  Finally, the Court found that Petitioner was unable to show prejudice because there was no showing that the results would have been different with a jury trial or jury sentencing.

As to the final ground for relief, the Court found that even though the sentencing report was inaccurate in stating that Petitioner was not employed during the incident when in fact she was, the error did not prejudice her (Id. 13).  As set forth by that Court, employment during the commission of a crime would have resulted in a lower sentencing recommendation because Petitioner would have had a "perfect risk score" as opposed to a "Good Risk score" (Id. 13). However, the Court noted that the trial court and the sentencing court were the same and that Petitioner's employment was raised and discussed during trial.  Accordingly, the sentencing court was aware that Petitioner was employed (and affirmatively stated that it was aware of her employment), and there could be no prejudice to Petitioner (Id. 14).

---

[1] Before the state courts, Petitioner limited her argument to a right to a jury at sentencing.  Before this court, she appears to argue that she was denied a right to a jury trial entirely.

Page **7** of **10**

Petitioner has not explained or discussed how the Missouri Court of Appeals either unreasonably applied the law or unreasonably determined the facts in light of the evidence. As such, Petitioner cannot satisfy the "doubly deferential" standard required to obtain habeas relief on the grounds raised in her petition. To the contrary, the state courts correctly identified the controlling legal standard that in order for Petitioner to prevail on a claim of ineffective assistance of counsel she must show that counsel's performance fell below an objective standard of reasonableness and that she was prejudiced as a result. Burt v. Titlow, 571 U.S. 12, 22-23 (2013) (noting that the burden is on a petitioner to show that counsel's performance was deficient). In finding that Petitioner failed to meet her burden, the state courts ultimately found that "[t]he decision not to call a witness is a virtually unchallengeable decision of trial strategy." United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005) (quotation marks and citation omitted); English v. United States, 998 F.2d 609, 612 (8th Cir. 1993). Furthermore, the state courts found that the character witnesses' testimony was irrelevant to the reasonable trial strategy. See Wiggins v. Smith, 539 U.S. 510, 533 (2003) (stating that "Strickland does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing").

The Court further found that Petitioner made a knowing and intelligent waiver of her right to a jury trial or jury sentencing and that she could not show any prejudice as a result of a bench trial. See, e.g., United States v. Griffin, 394 Fed. Appx. 349, 350-351 (8th Cir. 2010) (noting that the right to a jury trial is fundamental but that it can be waived). The Missouri Court of Appeals noted that, prior to any jury trial waiver, the trial court conducted a detailed colloquy with Petitioner regarding her jury trial rights (Doc. 12-12, pp. 10-11). That colloquy specifically confirmed that Petitioner understood not only that the trial court would be determining Petitioner's

guilty or innocence, but also the appropriate sentence to be imposed. The colloquy further confirmed that Petitioner had discussed the consequences of waiver her right to jury trial with her attorneys.

Finally, the state court found that there was no prejudice due to an inaccurate sentencing report because the sentencing court was aware of Petitioner's employment history. Each of the Missouri Court of Appeals' conclusions are consistent with the evidence presented before the state courts and an appropriate application of the Strickland standard. Petitioner has failed to demonstrate that she is entitled to relief under § 2254.

To the extent that Petitioner raises new grounds for relief, those claims are procedurally defaulted because they were not raised in the state court. Deck v. Jennings, 978 F.3d 578 (8th Cir. 2020). This includes claims (or potential claims) that counsel failed to call a witness who would testify that he presumably coerced Petitioner into committing the crime through hypnosis, that she was denied a right to a jury trial by her counsel, that she lacked the capacity to stand trial, and denial of due process because witnesses were not called. None of these particular claims or potential claims were raised in Petitioner's state court pleadings or addressed by the state courts. Plaintiff has offered no cause or prejudice to excuse the default and these claims will not be considered further. Id. at 581.

\* \* \* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Petition of Denise J. Hein for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C.

§ 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 335-338 (2003) (setting forth the standard for issuing a certificate of appealability).

      A separate Judgment will accompany this Memorandum and Order.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of May, 2023.